UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TOYE MCKISSICK,
            - Plaintiff


            v.                             CIVIL NO. 3:09-CV-780 (CFD)


THREE DEER ASSOCIATION LIMITED
PARTNERSHIP AND MCR PROPERTY
MANAGEMENT, INC.,
            - Defendant


**RULING AND ORDER ON PLAINTIFF'S MOTION TO COMPEL**

The plaintiff, Toye McKissick ("McKissick"), has filed a motion to compel the defendants, Three Deer Association Limited Partnership and MCR Property Management, Inc. ("the defendants"), to produce full and complete responses to McKissick's first sets of production requests and interrogatories. (Dkt. # 21.) Subsequent to the date on which McKissick filed the instant motion, the parties "met and conferred and culled the matters at issue." (Def.'s Opp'n 1.) Although these efforts enabled the parties "to come to an amicable solution with regard to the vast majority of [discovery] issues," the parties still dispute Interrogatory No. 5 and Request for Production No. 12. (Id. at 2; Pl.'s Reply 2.) The court will therefore construe the instant motion as the plaintiff's motion to compel the defendants to respond only to Interrogatory No. 5 and Request for Production No. 12. As set forth below, the plaintiff's motion is **GRANTED in part** and **DENIED in part**.

**I.   Standard of Review**

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. "Relevance" under Federal Rule of Civil Procedure 26(b)(1) has been construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). A party may object to a relevant discovery request, however, if it is "overly broad" or "unduly burdensome." See 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶¶ 33.173[3]-[4] (3d ed. 2004). To assert a proper objection on this basis, however, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Instead, the objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id.; see

also Hickman v. Taylor, 329 U.S. 495, 507 (1947) (stating that "the deposition-discovery rules are to be accorded a broad and liberal treatment").

**II.  Whether The Defendants' Objections Have Been Waived**

Federal Rule of Civil Procedure 33(b)(4) states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  McKissick argues that "[a]s a result of Defendants' failure to provide timely discovery responses, and their lack of good cause for such failure, Defendants should be deemed to have waived any potential objections and should therefore be compelled to respond fully to Plaintiff's discovery requests, including Interrogatory No. 5 and Document Request No. 12."  (Pl's Reply 2.)

The Court disagrees.  The defendants represented that their objections were untimely due to an administrative error.  The defendants further represented that once they became aware of said administrative error, they "immediately worked to gather information and documents responsive to the [plaintiff's] requests."  [Def.'s Opp'n 3.]  On this basis, it appears that the interests of justice would be best served by allowing the defendants to have an opportunity to voice their objections to the plaintiff's requests, "lest a federal court be compelled to order the production of every piece of paper in the Pentagon because of a tardy objection to a request to produce them."  Horace Mann Ins.

3

Co. v. Nationwide Mut. Ins. Co., No. 3:05-CV-664(CFD)(TPS), 2006 U.S. Dist. LEXIS 58052, at *9 (D. Conn. Aug. 18, 2006). Indeed, since it appears that the defendants neither knowingly filed untimely objections nor sought to prejudice or disadvantage the plaintiff by filing said untimely objections, the defendants should not be punished due to an inadvertent administrative error. Moreover, since the initial deadline for the defendants' responses to McKissick's discovery requests was October 1, 2009, and the defendants filed their first responses to those discovery requests on November 3, 2009, the Court finds that the delay of approximately one month is not sufficiently substantial as to justify the waiver of the defendants' objections, particularly in the absence of any deliberately evasive conduct by the defendants.

### III. Interrogatory No. 5

Interrogatory No. 5 asks the defendants to:

> Identify each tenant who, after July 2007, has occupied 716C Windsor Ave., the unit at the Deerfield Windsor Apartments vacated by McKissick, including their dates of tenancy and number of occupants in that unit and whether the tenants were participants in any government-subsidized housing program at the Deerfield Windsor Apartments.

(Pl.'s Mot. Compel Ex. B at 6.) The defendants object, claiming that the interrogatory is neither limited in time and scope nor relevant to McKissick's claims. (Def.'s Opp'n Ex. A at 4.) The defendants also argue that the interrogatory is "not reasonably calculated to lead to the discovery of admissible evidence" and

4

that the plaintiff is "capable of obtaining the information requested through her own efforts." Id. Notwithstanding these objections, the defendants have largely complied with the interrogatory by providing McKissick with the names of four tenants who have since resided in McKissick's former apartment unit, the dates in which those individuals resided therein, and the total number of occupants that resided therein. The sole remaining issue, therefore, is the defendants' refusal to indicate whether those four tenants participated in any government-subsidized housing program.

One of the defendants' main arguments is that since McKissick's case is "solely about occupancy policies" -- namely, whether the defendants discriminated against McKissick on the basis of her familial status -- the issue of whether the four subsequent tenants participated in any government-subsidized housing program is irrelevant. (Def.'s Opp'n 4-5.) The Court agrees. McKissick claims that she designed Interrogatory No. 5 to elicit "what role, if any, Ms. McKissick's participation in a government subsidized housing program played in Defendants' decision to refuse renewal of Ms. McKissick's lease . . . ." (Pl.'s Reply 6.) Yet nowhere in her complaint does McKissick allege that the defendants discriminated against her for financial reasons or because she participated in a government-subsidized housing program. Rather, she alleges that the defendants violated the Federal Fair Housing

Act by "refusing to rent to plaintiff based on her *family status*," by "making discriminatory statements relating to *family status*," by "arbitrarily limiting the *number of occupants*," and by "[depriving] her of housing based on her *familial status*." (Compl. 5) (emphasis added).

It is clear, therefore, that McKissick's lawsuit centers not on whether the defendants discriminated against her based on her financial status or her participation in a government-subsidized housing program, but on whether the defendants improperly refused to renew her lease due to her family exceeding the applicable occupancy limit. Quite plainly, the issue of whether subsequent tenants participated in the same government-subsidized housing program as McKissick is irrelevant because it does not relate to any of McKissick's claims or the defendants' defenses. See Fed. R. Civ. P. 26(b)(1). Accordingly, McKissick's motion to compel the defendants' response to Interrogatory No. 5 is **DENIED.**

**IV.   Request for Production No. 12**

Request for Production No. 12 was amended as follows: "All documents that the defendants will use to support any claims or defenses." (Pl.'s Reply 7.) The defendants object by intoning the familiar litany that this request is "overbroad, vague, ambiguous, unduly burdensome, premature, confusing and misleading." (Def.'s Opp'n 6.)   See also Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42

(S.D.N.Y. 1984) (noting that to assert a proper objection on this basis, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad."). The defendants further argue that the request is:

> "premature as the parties have just begun undertaking discovery and thus the Defendants at this time do not know what they will use to support 'any claims or defenses.' The Defendants have not even answered the Complaint yet so there are no defenses and thus do not have 'claims.'" (Def.'s Opp'n 6.)

Finally, the defendants claim that Request for Production No. 12 forces them to choose between "disclosing every document conceivably used at trial or risk exclusion of otherwise admissible evidence on the basis of this general request for production." Id.

In response, McKissick aptly asserts that Federal Rule of Civil Procedure 26(a)(1)(A)(ii) is broad and requires that a party must, without awaiting a discovery request, provide to the other parties "a copy — or a description by category and location — of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ." In addition, Federal Rule of Civil Procedure 26(a)(3)(A)(iii) is similarly broad and requires that a party provide to the other parties "an identification of each document or other exhibit, including summaries of other evidence - separately identifying those items the party expects to offer and those it may offer if the need arises." As such, and as McKissick suggests, the defendants are under an obligation to produce any *known* documents

7

that they intend to use at trial to support their claims or defenses. (Pl.'s Reply 8) (emphasis added).

As the defendants have stated, the parties have recently begun undertaking discovery, and it is certainly plausible that the defendants do not yet know what documents they will use to support their claims and defenses.  However, defendants need not choose between "disclosing every document conceivably used at trial or risk exclusion of otherwise admissible evidence . . . ." (Def.'s Opp'n 6.)  Rather, defendants are entitled to respond to this production request by claiming, for instance, that no such documents are known to exist.  Then, as Federal Rule of Civil Procedure 33(e)(1)(A) states, the defendants may supplement their response "in a timely manner if [they learn] that in some material respect the disclosure or response is incomplete or incorrect . . . ."  In other words, once the defendants file their answer to McKissick's complaint and formulate their own claims and/or defenses, they may then supplement whatever response they have made in response to Request for Production No. 12.  Accordingly, McKissick's motion to compel the defendants' response to Request for Production No. 12 is **GRANTED**.

**V.   Conclusion**

McKissick's motion to compel is therefore **GRANTED in part** and **DENIED in part**.  The defendants are ordered to produce all known documents that they intend to use to support any of their claims

and/or defenses.  Plaintiff has also moved for an award of reasonable fees incurred in bringing this motion.  The award of any fees in connection with this motion will be considered, on application, at the conclusion of all proceedings in this case.

This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. 636 (b) (1) (A); Fed. R. Civ. P. 6 (a), (e) and 72 (a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636 (b) (written objections to ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 17th day of February, 2010.**

/s/ Thomas P. Smith
**Thomas P. Smith**
**United States Magistrate Judge**